O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TERRY WALLACE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1 through 5, inclusive,<br><br>　　　　　Defendant(s). | Case No. CV 11-8039 ODW (MRWx)<br><br>ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS [8, 13] |

## I.　INTRODUCTION

Currently before the Court is Defendant Mortgage Electronic Registration System, Inc.'s ("Defendant") Motions to Dismiss Plaintiff Terry Wallace's ("Plaintiff") Complaint. (Dkt. No. 8, 13.) After careful consideration, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, the Court **GRANTS** Defendant's Motion.

/ / /

/ / /

## II. BACKGROUND

This mortgage action stems from a loan Plaintiff obtained on April 6, 2006 in which they executed a promissory note for $596,000.00 and a Deed of Trust ("DOT") as security. Plaintiff also signed a second DOT for a home equity loan of $74,500. MERS is listed as the beneficiary of the DOT's. Plaintiffs eventually defaulted on the loans. The Property at issue was sold, and the Trustee's Deed Upon Sale recodred on March 24, 2011.

Plaintiff allege generally that the foreclosure proceedings were invalid largely due to Defendant's role leading up to the proceedings. Namely, Plaintiff avers that in California, there can be no beneficial ownership in the DOT as it is nothing more than security for the Promissory Note. Plaintiff, as a result, alleges that MERS could not transfer any interest in the DOT to another. Accordingly, by engaging in a series of recordings and assignments, Plaintiff contends that MERS engaged in unlawful mortgage transactions. In addition, Plaintiff alleges that MERS as a suspended corporation was not permitted to conduct business in California and actions committed during this period should be void as a matter of law.

Based on the foregoing, Plaintiff instituted a lawsuit in state court on August 29, 2011 asserting the following claims: (1) Fraud; (2) Violation of California Penal Code §§ 115 & 115.5; (3) To Void or Cancel Assignment of Deed of Trust; and (4) Cancellation of a Voidable Contact Under California Revenue & Tax Code §§ 23304.1, 23305A and California Corporations Code § 191(C)(7). Defendants removed the state court action to this Court on September 28, 2011. At this time, Defendants move to dismiss Plaintiff's Complaint in its entirety.

## III. LEGAL STANDARD

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombley*, 550 U.S. 554, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, to overcome a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation and citation omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Id.* (internal quotation and citation omitted).

When considering a 12(b)(6) motion, a court is generally limited to considering materials within the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Thus, the Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

/ / /
/ / /
/ / /
/ / /
/ / /

3

## IV. DISCUSSION

The gravamen of of Plaintiff's claims turn on their contention that naming MERS as a beneficiary on the DOT, and the subsequent operation of the MERS system, splits the DOT from the promissory note rendering the note unsecured and unenforceable. With this backdrop, the Court addresses Plaintiff's claims.

### A. PLAINTIFF'S THIRD CLAIM: TO VOID OR CANCEL ASSIGNMENT OF DEED OF TRUST

There are no important factual disputes between the parties as to this claim. Mainly, either the operation of the MERS system, as it is alleged to operate, is unlawful in such a way to render all non-judicial foreclosure of any DOT naming MERS as a beneficiary illegal, or Plaintiff has no recoverable claim. The Court ultimately finds Plaintiff's argument unavailing.

"[C]hallenge[s] to the validity of the Notice of Default and Corporation Assignment of [the DOT, as in this case,] based on MERS' authority as the beneficiary [ ] has been rejected by courts throughout California." *Cerecedes v. U.S. Bankcorp*, No. CV 11-219 CAS (FMOx) (C.D. Cal. July 11, 2011); *see also Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1098-99 (E.D. Cal. 2010) ("There is no stated requirement in California's non-judicial foreclosure scheme that requires a beneficial interest in the [promissory n]ote to foreclose. Rather, the statute broadly allows a trustee, mortgagee, beneficiary, or any of their agents to initiate non-judicial foreclosure."); *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1157 (Ct. App. 2011) (holding that provision in deed of trust granting MERS the authority to initiate a foreclosure was valid, even if MERS did not hold a beneficial interest in the deed of trust, where MERS was designated as nominee for lender and lender's successors and assigns). Rather, contrary to Plaintiffs' contention, California Civil Code § 2924 allows "the trustee, mortgagee, or beneficiary" to file and record a notice of default and begin the foreclosure process.

In addition, the Ninth Circuit has explained that even assuming that "MERS is a sham beneficiary" Plaintiffs' alleged conclusion that, "as a necessary consequence, no

4

party has the power to foreclose" does not hold. *Cervantes v. Countrywide Home Loans*, 656 F.3d 1034, 1044 (9th Cir. 2011). In any event, California Civil Code § 2924 authorizes the beneficiary to substitute the trustee. Moreover, Plaintiff expressly agreed to authorize MERS to act as beneficiary when they signed the DOT.

Accordingly, Plaintiff's contention that MERS and its subsequent assignees lacked authority to institute the foreclosure process is rejected. *See Gomes v. Mortg. Elec. Reg. Sys.*, 192 Cal. App. 4th 1149, 1158 (Ct. App. 2011) ( "[B]y entering into the deed of trust, [plaintiff] agreed that MERS had the authority to initiate a foreclosure."); *Germon v. BAC Home Loans Serv.*, L.P., 2011 WL 719591, *2 (S.D. Cal. Feb.22, 2011) (holding that the language of [California Civil Code] § 2924 grants MERS the power "to assign its beneficial interest under the deed of trust"). Hence, the Court **GRANTS** Defendant's Motion as to the third claim.

### B. PLAINTIFF'S FIRST CLAIM: FRAUD

As discussed above, to the extent Plaintiff's fraud claim is based on MERS's lack lack of beneficiary interest and authority to assign, the Court rejects such contentions as bases to this claim. To the extent that this claim is based on other contentions, Plaintiff fails to plead with particularity pursuant to Rule 9. *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) ("The complaint must specify such facts as the times, dates, places, and benefits received, and other details of the alleged fraudulent activity.") (citations omitted). Accordingly, the Court **GRANTS** Defendant's Motion as to Plaintiff's first claim with leave to amend.

### C. PLAINTIFF'S SECOND CLAIM: VIOLATIONS PURSUANT TO PENAL CODE §§ 115, 115.5

Plaintiff cannot assert claims pursuant to California Penal Code §§ 115 and 111.5 because these Penal Code sections do not provide for private rights of action. "[A] private right of action exists only if the language of the statute or its legislative history clearly indicates the Legislature intended to create such a right to sue for damages." *Vikco Ins. Servs., Inc. v. Ohio Indemnity Co.*, 70 Cal. App. 4th 55, 62 (Ct. App. 1999). "If the Legislature intends to create a private cause of action, we generally assume it will

do so directly[,] . . . in clear, understandable, unmistakable terms." *Id*. at 62-63 (internal quotation marks and citations omitted). Here, Plaintiff did not meet his burden to demonstrate that the Penal Code sections in question were intended by the legislature to create mandatory duties to prevent the particular injuries they allegedly suffered. *See Michael R. v. Jeffrey B*., 158 Cal. App. 3d 1059, 1066 (Ct. App. 1984); *see also Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) (finding that a private right of action under a criminal statute has rarely been implied and where a private right of action has been implied, " 'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone' ") (quoting *Cort v. Ash*, 422 U.S. 66, 79 (1975)). Accordingly, the Court **GRANTS** Defendant's Motion as to Plaintiff's second claim.

### D. PLAINTIFF'S FOURTH CLAIM: CANCELLATION OF A VOIDABLE CONTRACT UNDER REV. & TAX CODE §§ 23304.1, 23305A AND VIOLATION OF CAL. CORP. CODE §§ 191(C)(7)

Plaintiff's fourth claim cannot survive Defendant's Motion. First, courts have routinely recognized that MERS's conduct in California is within the permissible scope for an unregistered foreign corporation and thus is not governed by § 23304.1. *See, e.g., Castaneda v. Saxon Mortg. Servs*., 687 F. Supp. 2d 1191, 1195 n.3 (rejecting assertion that MERS is not qualified to do business in California). Second, even if MERS's conduct fell within the scope of § 23304.1, MERS registered with California's Secretary of State on July 21, 2010, and therefore is "entitled to have its prior transactions given full effect." *Perlas*, 2010 WL 3079262, at *7. Accordingly, § 23304.1 does not apply to MER's conduct in California. Hence, the Court **GRANTS** Defendant's Motion as to Plaintiff's fourth claim.

### V.  CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion in its entirety. Accordingly, while the Court **GRANTS** leave to amend as to Plaintiff's first claim, Plaintiff's second, third, and fourth claims are **DISMISSED** with prejudice. If Plaintiff, in good faith, can allege facts supporting his first claim, he may file a First Amended

Complaint within fourteen (14) days of this Order. Otherwise, this case shall be dismissed with prejudice.[1]

IT IS SO ORDERED.

January 11, 2012

                                          _____
                                             HON. OTIS D. WRIGHT, II
                                          UNITED STATES DISTRICT JUDGE

---

[1] Furthermore, to the extent Plaintiff's allegations are directed to irregularities in the foreclosure process, Plaintiff must allege tender. Specifically, under California law a defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." *Abdallah v. United Savs. Bank*, 43 Cal. App. 4th 1101, 1109 (Ct. App. 1996); *U.S. Cold Storage v. Great W. Sav. & Loan Ass'n*, 165 Cal. App. 3d 1214, 1224 ("It would be futile to set aside a foreclosure sale on the technical ground that notice was improper, if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property."). This tender requirement bars any claims "implicitly integrated" with foreclosure. *See, e.g., Arnolds Mgmt. Corp.*, 158 Cal. App. 3d 575 (affirming dismissal of claims of wrongful foreclosure, fraud, and negligence relating to foreclosure sale); *Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112,121 Ct. App. 1971) (claims for breach of oral agreement, accounting, and constructive trust fail because plaintiff never made a valid tender); *Sipe v. McKenna*, 88 Cal. App. 2d 1001, 1006 (Ct. App. 1948) ("A party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale, even though the statute of limitations has run against the indebtedness."). The rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs. *FPCI RE–HAB 01 v. E & G Investments, Ltd.*, 207 Cal. App. 3d 1018, 1021 (Ct. App. 1989) (citations omitted). Accordingly, Plaintiff shall expressly allege tender if he choose to file an amended Complaint.

7